Rafiq v. Barr

BIA
A073 612 832

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty.

PRESENT:
>        JON O. NEWMAN,
>        ROBERT D. SACK,
>        STEVEN J. MENASHI,
>            *Circuit Judges.*\*

_____

AJMAL RAFIQ, AKA AJMAL CHAUDARY
RAFIQ,
>        *Petitioner,*

>        v.                                    18-373
>                                              NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, Gell & Gell, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Jeffrey R. Leist, Senior Litigation Counsel; Raya Jarawan, Trial Attorney,

---

\* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. See 2d Cir. IOP E(b).

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ajmal Rafiq, a native and citizen of Pakistan, seeks review of a January 11, 2018, decision of the BIA denying his motion to reopen. *In re Ajmal Rafiq,* No. A073 612 832 (B.I.A. Jan. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Rafiq asserted that in 2007, extremists in Pakistan attacked his brothers, killing one of them, and that he fears being kidnapped or killed because he is Ahmadi and he has ties to the United States.

A noncitizen seeking to reopen removal proceedings must demonstrate his prima facie eligibility for relief from removal, "which means []he must show a 'realistic chance' that []he will be able to obtain such relief." *Id.* at 168. The movant also must file a motion to reopen no later than 90

2

days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Rafiq's 2017 motion to reopen was untimely because it was filed more than eight years after his removal order became final in 2009. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, this time limitation does not apply if the motion is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in finding that Rafiq's evidence did not establish his prima facie eligibility for relief or a material change in conditions in Pakistan.

Rafiq's evidence of the 2007 attack against the brothers did not demonstrate his prima facie eligibility for relief or a material change in country conditions because he did not assert that he shares the characteristic that motivated his brothers' attackers or any basis to conclude that the attackers would target him. *See Jian Hui Shao*, 546 F.3d at

3

168; *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding no error in BIA's decision that petitioner failed to establish a well-founded fear of persecution based on her uncle's murder when she presented no direct evidence that her uncle was killed on account of his political opinion). Similarly, Rafiq's country conditions evidence was not material because, although it provided that religious extremists carry out terrorist attacks in Pakistan, it did not mention violence or terrorism directed at Ahmadis or Pakistanis repatriated from the United States.

Accordingly, because Rafiq failed to demonstrate his prima facie eligibility for relief or that conditions in Pakistan had materially changed, the BIA did not abuse its discretion in denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also Jian Hui Shao*, 546 F.3d at 168.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court